UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS WYATT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00146-JMS-MJD |
| ) | |
| JEFF TROTTER, ) | |
| TERRE HAUTE POLICE DEPARTMENT, ) | |
| CITY OF TERRE HAUTE, ) | |
| COUNTY OF VIGO et al., sued in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

**Entry Directing Dismissal of Action**

Plaintiff William Wyatt brings this complaint pursuant to 42 U.S.C. § 1983 alleging that he was improperly charged with certain crimes in violation of his civil rights. His complaint was screened and dismissed in the Entry of June 17, 2016, and he was given an opportunity to file an Amended Complaint, which he has since filed.

The Amended Complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Like the original complaint, the Amended Complaint must be dismissed. The claims against the Terre Haute Police Department, the City of Terre Haute, and the County of Vigo must each be **dismissed**. First, the Police Department is not a "person" subject to suit under 42 U.S.C.

§ 1983. *Jones v. Bowman,* 694 F.Supp. 538, 544 (N.D.Ind. 1988)(citing *Boren By & Through Boren v. City of Colorado Springs*, 624 F.Supp. 474 (D.Colo. 1985)). Next, while the City and the County may be subject to suit, the complaint lacks sufficient factual content to draw the reasonable inference that these defendants could be held liable for the alleged misconduct of the defendant police officer. *See Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978) (municipality may be liable under § 1983 only if the plaintiff presents evidence that a county policy, widespread practice, or custom caused his injuries); *Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992)("Liability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's action must implement rather than frustrate the government's policy."). The bare allegation that their policies resulted in the alleged denial of the plaintiff's rights is insufficient to state a claim against these defendants. *See Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (the complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.").

The plaintiff's claim against defendant Trotter is understood to be a claim for malicious prosecution. "Section 1983 requires an allegation of infringement of a specific constitutional right as a prerequisite to claims brought under a constitutional provision. . . . Malicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment." *Welton v. Anderson*, 770 F.3d 670, 673-74 (7th Cir. 2014). Even if the plaintiff had stated a constitutional violation, he still has failed to state a claim for malicious prosecution. "To

state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (citing *Smart v. Board of Trustees of Univ. of Ill.*, 34 F.3d 432, 434 (7th Cir. 1994)). The elements of a malicious prosecution under Indiana state law are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Crosson v. Berry*, 829 N.E.2d 184, 190 (2005). "Malice may be inferred from a total lack of probable cause or from failure to make reasonable or suitable inquiry." *Board of Com'rs of Hendricks County v. King*, 481 N.E.2d 1327, 1329 (Ind. Ct. App. 1985). While the plaintiff alleges that he was charged with a crime and the charges were later dropped, he alleges no facts that would support a conclusion that detective Trotter acted maliciously in pursuing the charges against him or that there was no probable cause to pursue the charges. *See Welton*, 770 F.3d at 674 (conclusory allegations of malice, without more, are insufficient to state a claim). Similarly, any false imprisonment claim must be dismissed because Wyatt makes no allegation that would support a conclusion that he was not arrested pursuant to a facially valid warrant. *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979).

In sum, the Entry of June 17, 2016, identified the deficiencies in the plaintiff's claims and the Amended Complaint fails to remedy those deficiencies. For the reasons stated above, therefore, this action is now **dismissed** for failure to state a claim. Judgment consistent with this ruling shall now issue.

The plaintiff's requests regarding the status of this action [dkt 16] and [dkt 18] are **granted**. The **clerk shall** include a copy of the docket with the plaintiff's copy of this Entry.

**IT IS SO ORDERED.**

Date: 8/12/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM DOUGLAS WYATT, JR.
28273
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**